IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THOMAS MEEK, <br>     PLAINTIFF, <br><br> v. <br><br> CAPITAL MANAGEMENT HOLDINGS, LLC, <br> DEBT MANAGEMENT PARTNERS, LLC, and <br> HARTFORD CASUALTY INSURANCE COMPANY, <br>     DEFENDANTS. | CASE NO.: 4:20-cv-04252 |

## COMPLAINT AND JURY DEMAND

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of the violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Texas Finance Code by Capital Management Holdings, LLC ("CMH") and Debt Management Partners, LLC ("DMP").

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that defendants transact business in this judicial district and a substantial portion of the acts giving rise to this action occurred in this District.

5. Plaintiff resides in this District.

### PARTIES

6. Plaintiff, Thomas Meek ("Plaintiff"), is an adult individual residing in Harris County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

7. DMP is a Delaware company.

1

8. As will be described below, DMP purchased an Account allegedly owed by Plaintiff from a third-party for the purpose of collecting on that Account to make a profit.

9. The principal purpose of DMP is the collection of debts by using the mails and telephone and other means.

10. DMP regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

11. DMP is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as that term is defined by Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tx. Fin. Code § 392.001(7).

12. CMH is a New York company operating from Staten Island, New York, according to its website (www.cmhdebt.com) (last visited December 10, 2020).

13. CMH is not registered to do business in Texas, but can be served in New York via its registered agent, Corporation Service Company, at 80 State Street, Albany, NY 12207.

14. CMH advertises on its website (www.cmhdebt.com) (last visited December 10, 2020), that it "specializes in buying and selling debt."

15. As will be described below, CMH received placement of a past due account from DMP and attempted to collect that account from Plaintiff.

16. As will be described below, CMH directed communications to Plaintiff for the purpose of collecting the Account in question from him.

17. As can be seen on the website for the Better Business Bureau, other consumers have complained about the treatment they received during direct communications from CMH as

well (https://www.bbb.org/us/ny/staten-island/profile/collections-agencies/capital-management-holdings-0121-167012/complaints) (last visited December 10, 2020).

18. The principal purpose of CMH is the collection of debts using the mails and telephone and other means.

19. CMH regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

20. CMH is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as that term is defined by Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tx. Fin. Code § 392.001(7).

21. Defendant Hartford Casualty Insurance Company ("Hartford") is the surety company for the bond DMP has on file with the Texas Secretary of State, bond number 20BSBGV8871. Hartford is liable for acts committed by DMP pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

22. Hartford is a foreign entity that can be served in the state of Texas via its registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas, 75201.

## FACTUAL ALLEGATIONS

23. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account"). Specifically, plaintiff believes the account

was an ACE Cash Express payday loan obtained to pay for various personal effects, but was not used for any business or commercial purposes.

24. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

25. The Account allegedly went into default with the original creditor, ACE Cash Express.

26. After the Account allegedly went into default, the Account was purchased by DMP for collection.

27. DMP placed the Account with, or otherwise transferred the Account to, CMH.

28. CMH then contacted Plaintiff directly to collect on the Account from Plaintiff.

29. On information and belief, DMP maintained a financial interest in the Account at all times relevant hereto, such that DMP would make more money if CMH collected on the Account than it would make if CMH did not collect on the Account.

30. Plaintiff admits the existence of the Account, but disputes the amount CMH and DMP attempted to collect from him.

31. Plaintiff requests that defendants cease all further communications regarding the Account.

32. When attempting to collect the Account, CMH used the unregistered fictitious business name of "Coastal."

33. In the one year prior to the filing of this Complaint, on approximately December 9, 2020, CMH made phone calls to Plaintiff and to Plaintiff's family and left messages that were intended to be delivered to Plaintiff.

34. In one such communication directed to Plaintiff's step-father, CMH's employee pretended to be calling from the Harris County courthouse in order to make Plaintiff's step-father believe that Plaintiff was in serious trouble.

35. This communication with Plaintiff's step-father constituted an unauthorized disclosure of the debt in addition to the other false and misleading nature of the communication.

36. In a call with Plaintiff directly, CMH told Plaintiff that there were three pending civil lawsuits against him in Harris County that CMH was going to pursue if Plaintiff did not immediately repay the Account. CMH further told Plaintiff that it was pursuing charges for fraud of a financial institution.

37. When Plaintiff asked for some information about the Account, CMH simply hung up on Plaintiff after telling him it was Plaintiff's job to find the company collecting the Account and to verify the Account with them. The purpose of this obfuscation was to cause Plaintiff to believe that CMH was calling to heap upon Plaintiff the perils of civil lawsuits and criminal prosecutions and that someone else was the debt collector. This, of course, was not true; all of it was a ruse.

38. By making all of the statements detailed above, CMH indirectly or directly told Plaintiff that a lawsuit had been filed or imminently would be filed against Plaintiff and/or that criminal charges had been or imminently would be filed against him.

39. These communications were false and deceptive as neither DMP nor CMH had the intent of suing Plaintiff at the time the statements made, nor the intent of prosecuting Plaintiff criminally.

40. The communications described above would cause the least sophisticated consumer to believe that a lawsuit had been filed or imminently would be filed against him/her, that

criminal charges had been or imminently would be filed against him/her, that an attorney was working on recovery the Account for CMH or DMP, that a process server was about to serve him or her at work or at his or her parent's home.

41. As of the filing of the original Complaint in this matter, no lawsuit has been filed against Plaintiff on the Account and no criminal charges are being pursued.

42. At the time CMH made the statements detailed above, neither CMH nor DMP had any intent to sue Plaintiff on the Account.

43. In every communication with Plaintiff, CMH failed to inform Plaintiff that CMH was a debt collector, that CMH was attempting to collect a debt and/or that any information obtained would be used for the purpose of debt collection.

44. In every communication with Plaintiff, CMH failed to provide Plaintiff with meaningful disclosure of its identity.

45. CMH never provided Plaintiff with notice of Plaintiff's rights to dispute and/or request validation of the Account.

46. CMH's collection practices caused Plaintiff to suffer severe embarrassment, fear, anxiety, stress, mental anguish mild depression and/or distraction from normal life.

47. CMH's sole purpose for making the statements was to intimidate Plaintiff into making a payment on the Account.

48. CMH 's purpose for calling Plaintiff was to attempt to collect the Account.

49. The telephone calls described above each constituted a "communication" as defined by FDCPA § 1692a(2).

50. On information and belief, DMP directly or indirectly, exerted influence over CMH and caused CMH to act in the manner that they did with respect to Plaintiff.

51. By virtue of having been sued by other Texas consumers for the bad acts of CMH, and having been notified of not only the bad conduct in that case but also the other complaints submitted to the Better Business Bureau as described above, DMP knew that CMH repeatedly or continuously engaged in collection practices as described above.

52. During all times pertinent hereto, DMP (a) ratified the unlawful debt collection practices and procedures used by CMH and its employees and agents in connection with their common efforts to collect consumer debts, and/or (b) had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by CMH and its employees and agents in attempts to collect an alleged debt from Plaintiff as alleged in this complaint.

53. The only reason that CMH and/or its representative(s), employee(s) and/or agent(s) made telephone call(s) to Plaintiff was to attempt to collect the Account.

54. The only reason that CMH and/or its representative(s), employee(s) and/or agent(s) had telephone conversation(s) with Plaintiff was to attempt to collect the Account.

55. CMH conducted all of its collection attempts without a surety bond on file with the Texas Secretary of State.

56. All of the conduct by CMH and/or DMP and/or their employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

57. By virtue of having been sued by other Texas consumers for the bad acts of CMH, and having been notified of not only the bad conduct in that case but also the other complaints submitted to the Better Business Bureau as described above, DMP had actual knowledge that CMH repeatedly or continuously engaged in acts or practices prohibited by Chapter

392 of the Texas Finance Code, specifically, but not limited to, collecting in Texas without a surety bond on file with the Texas Secretary of State.

58. As a consequence of Defendants' collection activities and communication(s), Plaintiff seeks damages and attorneys fees and costs pursuant to 15 U.S.C. § 1692k and damages, an injunction, attorneys fees and costs pursuant to Tex. Fin. Code § 392.403.

## RESPONDEAT SUPERIOR

59. The representative(s) and/or collector(s) at CMH were employee(s) and/or agents of CMH at all times mentioned herein.

60. The representative(s) and/or collector(s) at CMH were acting within the course of their employment at all times mentioned herein.

61. The representative(s) and/or collector(s) at CMH were under the direct supervision and control of CMH at all times mentioned herein.

62. The actions of the representative(s) and/or collector(s) at CMH are imputed to their employer, CMH.

63. DMP was aware of and profited from the collection methods and practices used by CMH's employees.

64. The actions and inactions of CMH, and its employee(s) and/or agents, are imputed to DMP.

## COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. §1692, et seq.
## BY CAPITAL MANAGEMENT HOLDINGS, LLC

65. The previous paragraphs are incorporated into this Count as if set forth in full.

66. The act(s) and omission(s) of CMH and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692b(1)&(2) and  15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692d

generally and § 1692d(2)&(6) specifically and §1692e generally and specifically §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11)&(13) and §1692g(a).

67. Pursuant to 15 U.S.C. §1692k Plaintiff seeks damages, reasonable attorney's fees and costs from CMH.

## COUNT II: VIOLATIONS OF THE TEXAS FINANCE CODE BY CAPITAL MANAGEMENT HOLDINGS, LLC

68. The previous paragraphs are incorporated into this Count as if set forth in full.

69. The act(s) and omission(s) of CMH and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.101 and §392.301(a)(6)&(7)&(8) and §392.302(1) and §392.304(a)(1)&(4)&(5)&(8)&(9)&(14)&(16)&(17)&(19).

70. Pursuant to Tex. Fin. Code §392.403(a)(1), Plaintiff seeks an injunction against CMH enjoining it from future violations of the Texas Finance Code as described herein.

71. Pursuant to Tex. Fin. Code §392.403(a)(2) Plaintiff seeks damages from CMH.

72. Pursuant to Tex. Fin. Code §392.403(b) Plaintiff seeks attorney's fees and costs from CMH.

73. Pursuant to Tex. Fin. Code §392.403(e), Plaintiff seeks statutory damages of not less than $100 for each violation of the chapter in which Tex. Fin. Code §392.403(e) is codified.

## COUNT III: INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY CAPITAL MANAGEMENT HOLDINGS, LLC

74. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, CMH is liable to Plaintiff for invading Plaintiff's privacy (intrusion on

seclusion).  CMH intentionally caused the intrusion upon Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

75. Plaintiff suffered actual damages from CMH as a result of the intrusion on Plaintiff's privacy.

### COUNT IV:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY DEBT MANAGEMENT PARTNERS, LLC

76. The previous paragraphs are incorporated into this Count as if set forth in full.

77. By having a financial interest in CMH's conduct toward Plaintiff, DMP is liable for the act(s) and omission(s) of CMH and their representative(s), employee(s) and/or agent(s) for violations 15 U.S.C. § 1692b(1)&(2) and 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692d generally and § 1692d(2)&(6) specifically and §1692e generally and specifically §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)& (11)&(13) and §1692g(a).

78. Pursuant to 15 U.S.C. §1692k Plaintiff seeks damages, reasonable attorney's fees and costs from DMP.

### COUNT V:  VIOLATIONS OF THE TEXAS FINANCE CODE BY DEBT MANAGEMENT PARTNERS, LLC

79. The previous paragraphs are incorporated into this Count as if set forth in full.

80. By having a financial interest in CMH's conduct toward Plaintiff, DMP is liable for the act(s) and omission(s) of CMH and their representative(s), employee(s) and/or agent(s) for violations of Tex. Fin. Code §392.101 and §392.301(a)(6)&(7)&(8) and §392.302(1) and §392.304(a)(1)&(4)&(5)&(8)&(9)&(14)&(16)&(17)&(19).

81. Through its own acts and/or omissions, DMP is additionally liable to Plaintiff under Tex. Fin. Code §392.306.

82. Pursuant to Tex. Fin. Code §392.403(a)(1), Plaintiff seeks an injunction against DMP enjoining it from future violations of the Texas Finance Code as described herein.

83. Pursuant to Tex. Fin. Code §392.403(a)(2) Plaintiff seeks damages from DMP.

84. Pursuant to Tex. Fin. Code §392.403(b) Plaintiff seeks attorney's fees and costs from DMP.

85. Pursuant to Tex. Fin. Code §392.403(e), Plaintiff seeks statutory damages of not less than $100 for each violation of the chapter in which Tex. Fin. Code §392.403(e) is codified.

## COUNT VI:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY DEBT MANAGEMENT PARTNERS, LLC

86. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, DMP is liable to Plaintiff for colluding with CMH to invade Plaintiff's privacy (intrusion on seclusion).  DMP intentionally caused the intrusion upon Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

87. Plaintiff suffered actual damages from DMP as a result of the intrusion on Plaintiff's privacy.

## COUNT VII:  IMPUTED LIABILITY OF HARTFORD CASUALTY INSURANCE COMPANY FOR LIABILITY OF DEBT MANAGEMENT PARTNERS, LLC

88. The previous paragraphs are incorporated into this Count as if set forth in full.

89. The act(s) and omission(s) of DMP and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.101 and §392.301(a)(6)&(7)&(8) and §392.302(1)

and §392.304(a)(1)&(4)&(5)&(8)&(9)&(14)&(16)&(17)&(19) and §392.306 are imputed to Hartford pursuant to Tex. Fin. Code § 392.102.

90. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Hartford.

## EXEMPLARY DAMAGES

91. Exemplary damages should be awarded against CMH and/or DMP because the harm with respect to which Plaintiff seeks recovery of exemplary damages resulted from malice (which means that there was a specific intent by CMH and/or DMP to cause substantial injury or harm to Plaintiff) and/or gross negligence (which means that CMH's and/or DMP's actions and/or omissions (i) when viewed objectively from CMH's and/or DMP's standpoint at the time of the acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that CMH and/or DMP had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others).

## JURY TRIAL DEMAND

92. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

93. Judgment in favor of Plaintiff and against Capital Management Holdings, LLC as follows:

   a. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Actual damages pursuant to Tex. Fin. Code §392.403(a)(2);

    e. Statutory damages of not less than $100 for each violation of the chapter in which Texas Fin. Code §392.403(e) is codified;

    f. An injunction permanently enjoining CMH following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code §392.403(a)(1);

    g. Reasonable attorneys fees and costs pursuant to Tex. Fin. Code §392.403(b); and

    h. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

    i. Such other and further relief as the Court deems just and proper.

94. Judgment in favor of Plaintiff and against Debt Management Partners, LLC as follows:

    a. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Actual damages pursuant to Tex. Fin. Code §392.403(a)(2);

    e. Statutory damages of not less than $100 for each violation of the chapter in which Texas Fin. Code §392.403(e) is codified;

  f. An injunction permanently enjoining DMP following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code §392.403(a)(1);

  g. Reasonable attorneys fees and costs pursuant to Tex. Fin. Code §392.403(b); and

  h. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

  i. Such other and further relief as the Court deems just and proper.

95. Judgment in favor of Plaintiff and against Hartford Casualty Insurance Company as follows:

  a. Statutory damages in the amount of not less than $100 for each violation of Tex. Fin. Code chapter 392, pursuant to Tex. Fin. Code § 392.403;

  b. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

  c. Such other and further relief as the Court deems just and proper.

              Respectfully submitted,

              THE WOOD FIRM, PLLC

              /s/ Jeffrey D. Wood
              Jeffrey D. Wood, Esq.
              ArkBN: 2006164
              11610 Pleasant Ridge Rd.
              Suite 103-Box 208
              Little Rock, AR  72223
              TEL:  682-651-7599
              FAX:  888-598-9022
              EMAIL:  jeff@jeffwoodlaw.com
              Attorney for Plaintiff